UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARELLEN CARTER, ET AL.,

      Plaintiffs,

v.                                           Civil Case No. 12-11090
                                             Honorable Patrick J. Duggan
STATE OF MICHIGAN, ET AL.,

      Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiffs filed this *pro se* lawsuit on March 12, 2012, asserting allegations apparently arising from state criminal proceedings. Plaintiffs claim violations of their constitutional and civil rights. They have been granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, this Court must dismiss Plaintiffs' lawsuit if the Court determines that the action is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiffs refer to the State of Michigan and unidentified referees, probation officers, and an Oakland County prosecutor in their Complaint. Plaintiffs' allegations fail to state a claim upon which relief may be granted because these defendants are entitled to immunity.

Eleventh Amendment bars civil rights actions against a State and its departments and agencies unless the State has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309 (1989). Eleventh Amendment immunity "is far reaching." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "It bars all suits, whether for injunctive, declaratory or monetary relief, against the [S]tate and its departments." *Id*. (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 908 (1984)).

Although the Eleventh Amendment only expressly prohibits suits against States by citizens of other States, the Supreme Court has long held that the amendment also bars suits by citizens of the State being sued. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate the States' sovereign immunity under the Eleventh Amendment when it enacted 42 U.S.C. § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

It is well established that judges are absolutely immune from liability for any damages caused by the acts they commit within their judicial discretion. *Barnes v.*

*Winchell*, 105 F.3d 1111, 1115 (6th Cir.1997) (citing cases). Courts in the Sixth Circuit have concluded that this immunity extends to court referees. *See, e.g., Dewald v. Clinton*, No. 09-13117, 2010 WL 3583385, at *7 (E.D. Mich. Sept. 13, 2010) (citing *McGhan v. Kalkaska Cnty. Dep't of Human Servs.*, No. 1:08-cv-1113, 2009 WL 2170151, at * 12 (W.D. Mich. July 20, 2009) (citing cases)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, nor if his exercise of authority is flawed by the commission of grave procedural errors." *Barnes*, 105 F.3d at 1115 (internal quotation marks and citation omitted).

Probation officers are entitled to quasi-judicial immunity. Such immunity extends to those persons who perform tasks so integral to, or intertwined with, the judicial process that they are considered an arm of the judicial officers who are immune. *Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000).

Finally, a prosecutor has absolute immunity from liability for all acts "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976). The prosecutor's motives are irrelevant for the purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir.2003). Further, "absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir.1989).

Moreover, Plaintiffs' Complaint is frivolous and fails to state a claim to the extent their success would demonstrate the invalidity of an arrest, prosecution, and/or incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & n. 14, 93 S. Ct. 1827, 1841 &

n. 14 (1973)  The proper remedy for making a constitutional challenge to the fact or length of confinement is a habeas petition.  A prisoner has no right to money damages where success would necessarily imply the invalidity of his conviction or sentence.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1247-48 (2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994).

For these reasons,

**IT IS ORDERED**, that Plaintiffs' Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915.


Date:  April 5, 2012			s/PATRICK J. DUGGAN
					UNITED STATES DISTRICT JUDGE


Copy to:
Starellen Carter
532 E. Hazelhurst
Ferndale, MI   48220